UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

QUINCY JOHNSON,

                Plaintiff,                        Case No. 1:12-cv-1329

v.                                                      Honorable Robert J. Jonker

REBECCA WOOD et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Quincy Johnson is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF). He sues the following employees of ICF: Corrections Officer Rebecca Wood and Grievance Coordinator Margret Breedlove.

Plaintiff alleges that on October 26, 2012, Officer Wood "sexually harassed" Plaintiff by telling him that she wanted him to expose himself. (Compl., docket #1, Page ID#6.) When he refused to do so, she accused him of exposing himself to her, and as a result, Plaintiff was punished for committing a misconduct. Sometime thereafter, Officer Wood put a sign on Plaintiff's door which read: "I like to expose myself to everyone." (*Id.*)

Plaintiff further asserts that Wood has harassed him by "tampering" with his mail, and that Breedlove has witnessed such tampering. (*Id.*) In addition, on October 29, 2012, Defendants Wood and Breedlove allegedly conspired to destroy Plaintiff's "accusatory pleading" so as to prevent Plaintiff from exhausting remedies necessary to pursue a legal action. (*Id.*)

Plaintiff claims that Defendants have subjected him to cruel and unusual punishment and deprived him of due process. As relief, Plaintiff asks the Court to subject Defendants to criminal proceedings.

**Discussion**

I. Relief

To the extent Plaintiff seeks an order requiring the state to initiate criminal proceedings against Defendants, that relief is not available in this action. The Court lacks authority to issue such an order, because "'the authority to initiate a criminal complaint rests exclusively with state and federal prosecutors.'" *Gonzalez v. Perez*, No. 98-6575, 2000 WL 222584, at *2 (6th Cir.

Feb. 14, 2000) (quoting *Mercer v. Lexington Fayette Urban Cnty. Gov't*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995)). Assuming that Plaintiff also seeks other relief, however, his action is subject to dismissal for failure to state a claim.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Eighth Amendment**

Plaintiff asserts that Defendants have subjected him to cruel and usual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). With respect to prison conditions, the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Defendant Wood allegedly harassed Plaintiff by telling him that she wanted him to expose himself. Verbal abuse and harassment, although unprofessional and deplorable, do not rise to constitutional dimensions. *See id.* at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the

Eighth Amendment prohibits); *Davis v. Miron*, No. 12–1238, 2012 WL 5200374, at *1 (6th Cir. Oct. 23, 2012) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (same); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights.").

In addition, circuit courts have held that, absent contact or touching, sexual harassment does not constitute an unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation), *overruled on other ground in Porter v. Nussle*, 534 U.S. 516 (2002); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997

WL 34677, at *3 (6th Cir. Jan. 28, 1997) (verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim). Thus, while Officer Wood's statements toward Plaintiff were inappropriate, they do not constitute punishment within the meaning of the Eighth Amendment. *See Davis*, 2012 WL 5200374, at *1. Similarly, the sign that Wood placed on Plaintiff's cell door, which is akin to verbal harassment, does not give rise to an Eighth Amendment claim.

Wood also accused Plaintiff of misconduct, but a false accusation of misconduct is not punishment within the meaning of the Eighth Amendment. *Williams v. Reynolds*, No. 98-2138, 1999 WL 1021856, at *2 (6th Cir. Nov. 3, 1999). Thus, Wood's accusations do not give rise to an Eighth Amendment claim.

Finally, Defendants' allegedly tampered with Plaintiff's mail. However, Plaintiff does not allege that he was deprived of essential food, medical care or sanitation. *See Rhodes*, 452 U.S. at 347-48. Consequently, Plaintiff fails to state an Eighth Amendment claim against Defendants.

### B. Access to the courts

Plaintiff also alleges that Defendants destroyed his "accusatory pleading" with the intent to prevent him from exhausting remedies necessary to pursue legal action. (Compl., docket #1, Page ID#6.) It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they

must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.

Plaintiff's claim fails because he does not allege actual injury to pending or contemplated litigation. Indeed, it is not at all clear how the pleading that was destroyed by Defendants related to any litigation, pending or contemplated, by Plaintiff.

Moreover, to the extent that the "pleading" was part of a prison grievance, Defendants' conduct could not have compromised Plaintiff's ability to access the courts. While Plaintiff must exhaust "available" administrative remedies before bringing a § 1983 action, s*ee* 42 U.S.C. § 1997e(a), Plaintiff does not allege that Defendants prevented him from exhausting a prison grievance; he merely alleges that they intended to do so. Even if Defendants did prevent Plaintiff from pursuing a prison grievance, then the grievance process was not "available" to him, and the exhaustion requirement in § 1997e(a) would not pose a bar to bringing a § 1983 claim.

In sum, without a concrete allegation of actual injury to pending or contemplated litigation, Plaintiff fails to state an access-to-the-courts claim. *See Lewis*, 518 U.S. at 349.

### C. Due Process

Plaintiff claims that Defendants denied him his right to due process by tampering with his mail. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. Plaintiff, however, does not claim that the alleged tampering deprived him of a property or liberty interest protected by due process. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) ("Without a protected liberty or property interest, there can be no federal procedural due process claim." (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Even if Defendants prevented Plaintiff from pursuing a prison grievance, the Sixth Circuit has held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002).

Furthermore, Plaintiff has not stated a due process claim based on Defendant Wood's allegedly false accusation of misconduct. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the

right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that he lost any good-time credits as a result of a misconduct conviction, nor could he. The Sixth Circuit has examined Michigan statutory law as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted for crimes occurring after April 1, 1987, and it has determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007). Instead, such loss merely affects parole eligibility, which remains discretionary with the parole board. *Id*. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally-protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). Thus, Plaintiff has no due-process claim based on the loss of disciplinary credits resulting from a misconduct conviction.

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff has not identified a significant deprivation arising from a misconduct conviction. Consequently, he fails to state a due process claim.

### D. Conspiracy

Finally, Plaintiff claims that Defendants conspired to violate his rights. Because Plaintiff has failed to allege a violation of his rights, however, he also fails to state a conspiracy claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   January 30, 2013            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE